UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
RONALD SATISH EMRIT,

                              Plaintiff,

                - against -

SPECIAL AGENT IN CHARGE OF FBI
FIELD OFFICE IN SOUTHERN DISTRICT
OF NEW YORK (SDNY),

                              Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-06768 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On November 1, 2022, Plaintiff Ronald Satish Emrit filed the instant *pro se* Complaint, pursuant to 28 U.S.C. § 1332,[1] alleging violations of his constitutional rights by the Special Agent in Charge of the New York Field Office of the Federal Bureau of Investigation ("FBI") in the Southern District of New York. Because Plaintiff alleges that his constitutional rights were violated by a federal defendant, the Court liberally construes Plaintiff's Complaint as asserting a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"). Without offering any opinion on the merits of the action, the action is hereby transferred to the United States District Court for the Southern District of New York.

## BACKGROUND

The Court recognizes that Plaintiff is a serial filer of frivolous actions in federal courts throughout the United States; this is the first action he has filed in this district. *See, e.g.*, *Emrit v. FBI*, No. 20-cv-265, 2020 WL 731171, at *1 n.1 (S.D. Cal. Feb. 13, 2020) (discussing Plaintiff's

---

[1] "[P]laintiff is an indigent, disabled, and unemployed resident of the state of Florida." (Compl., Dkt. 1, at 2.)

litigation history); *Emrit v. Universal Music Grp.*, No. 3:19-CV-05984, 2019 WL 6251365, at *2 (W.D. Wash. Nov 4, 2019) (Christel, Mag. J.) (same); *Emrit v. Nat'l Acad. of Recording Arts and Scis.*, No. A-14-CA-392, 2015 WL 518774, at *4 (W.D. Tex. Feb. 5, 2015) (same).

In the instant action, Plaintiff alleges that the Special Agent in Charge of the New York Field Office of the FBI in the Southern District of New York has racially profiled him as Arabic or Muslim "without any reasonable suspicion or probable cause."  (Compl., Dkt. 1, at 5–6.) Although unclear, Plaintiff also appears to assert that Defendant's racial profiling has resulted in an invasion of privacy and a malicious prosecution against Plaintiff.  (*Id.*)  Plaintiff seeks monetary damages and injunctive relief.

## LEGAL STANDARD

Venue in *Bivens* cases is governed by 28 U.S.C. § 1391(b).  *See Stafford v. Briggs*, 444 U.S. 527, 544 (1980) (venue in suits for damages against federal employees in their individual capacity is governed by § 1391(b)); *Morales v. U.S.*, No. 22-CV-7021, 2022 WL 6803106, at *2 (S.D.N.Y. Sept. 19, 2022).  Under Section 1391(b), there are three ways in which venue can be properly established:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read Plaintiff's *pro se* Complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007);

*Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

## DISCUSSION

Even under the Court's liberal reading of the Complaint, Plaintiff has not established that venue is proper in this district.  First, Plaintiff does not meet the requirements of Section 1391(b)(1) because Defendant does not reside in this district.  Rather, Defendant is the "Special Agent in Charge of [the] FBI Field Office in [the] Southern District of New York (SDNY)."  (Compl., Dkt 1, at 1.)  Second, Plaintiff does not allege any facts suggesting that his claims arise from events or omissions that took place in this district pursuant to Section 1391(b)(2).  Plaintiff resides in Sarasota, Florida, and he brings claims against Defendant for "wrongful institution of legal proceedings/malicious prosecution, gross negligence, the intentional infliction of emotional distress (IIED)" and various "invasion of privacy" claims.  (*Id.* at 2, 5–7.)  Plaintiff alleges that Defendant committed each of these claims by "racially-profiling [him] as Arabic/Muslim without any reasonable suspicion or probable cause."  (*See id.* at 5–6.)  Plaintiff does not specify where Defendant committed these alleged acts, but the Court presumes the acts or omissions most likely took place in either the Southern District of New York where Defendant allegedly works or the Middle District of Florida where Plaintiff resides.  Thus, venue is not proper in this district under Section 1391(b)(2).  Lastly, Section 1391(b)(3) does not apply in this action because there are other districts in which venue is proper.  In sum, venue is not proper in this district pursuant to any provision of 1391(b).

Under 28 U.S.C. § 1406(a), a court has discretion to either dismiss or transfer a case that is brought in the wrong district.  *See* 28 U.S.C § 1406(a) (if an action is filed in the wrong district court, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought").  In an abundance of caution, this Court opts to

transfer the action rather than dismiss it.  Specifically, the action is transferred to the Southern District of New York, where the events giving rise to any potential claim might have occurred and where venue therefore might be proper pursuant to Section 1391(b)(2).

## CONCLUSION

The Clerk of Court is respectfully directed to transfer this action to the United States District Court for the Southern District of New York.  28 U.S.C. §§ 1391(b), 1406(a).  No summons shall issue from this Court.  The Court notes that a decision on Plaintiff's request to proceed *in forma pauperis* is reserved for the transferee Court.  The provision of Rule 83.1 of the Local Rules in this district which requires a seven-day delay is waived.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 9, 2022
       Brooklyn, New York

4